NOT DESIGNATED FOR PUBLICATION

No. 126,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NOUKHAO S. PHOMMALY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Seward District Court; CLINT PETERSON, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

*Sean P. Randall,* of Kansas Appellate Defender Office for appellant.

No appearance for appellee.


Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.


PER CURIAM: Noukhao Phommaly argues that his convictions for possession of methamphetamine and possession of a controlled substance with no drug-tax stamp violate constitutional and statutory protections against multiple punishments for the same conduct—a double jeopardy claim. The Kansas Supreme Court recently addressed this issue and held that convictions for possession of methamphetamine under K.S.A. 21-5706(a) and possession of a controlled substance with no drug-tax stamp under K.S.A. 79-5204 were not multiplicitous and did not violate double jeopardy protections. This court is bound by the Kansas Supreme Court's decision and therefore affirms Phommaly's convictions.

1

FACTUAL AND PROCEDURAL BACKGROUND

After officers found drugs and drug paraphernalia in Phommaly's apartment, the State charged him with the following three felonies and three misdemeanors: (1) felony distribution or possession with intent to distribute a controlled substance within 1,000 feet of a school in violation of K.S.A. 21-5705(a)(1) and (d)(5); (2) felony unlawful possession of methamphetamine in violation of K.S.A. 21-5706(a) and (c)(1); (3) felony no drug-tax stamp (associated with his possession of more than one gram of methamphetamine) in violation of K.S.A. 79-5204; (4) misdemeanor unlawful distribution of drug paraphernalia; (5) misdemeanor criminal use of a weapon; and (6) misdemeanor unlawful possession of marijuana. The jury found Phommaly guilty of only the second, third, and fifth counts: unlawful possession of methamphetamine; possession of methamphetamine without a valid drug-tax stamp; and possession of marijuana.

Before sentencing, Phommaly filed a motion for dispositional departure. Phommaly also moved to dismiss count three—the no drug-tax stamp charge—arguing that because the jury found him not guilty of possession of methamphetamine with intent to distribute, he should not have been convicted of possession of a controlled substance (meth) without a drug-tax stamp. The district court denied both motions and sentenced Phommaly to the aggravated term for each felony conviction: 26 months for possession of methamphetamine; 7 months for possession of methamphetamine without a valid drug-tax stamp; and 6 months for possession of marijuana. The court ordered the sentences to be served consecutively. Phommaly appealed.

DISCUSSION

Phommaly's sole claim on appeal is that the district court erred in convicting him of both possession of methamphetamine and possession of a controlled substance (associated with his methamphetamine possession) without a drug-tax stamp because the

2

convictions are multiplicitous. He argues that his convictions violate the Double Jeopardy Clauses of both the United States Constitution and Kansas Constitution, which protect defendants from losing their liberty twice for the same offense. U.S. Const. amend. V; Kan. Const. Bill of Rights, § 10; see also *State v. Hensley*, 298 Kan. 422, 435-38, 313 P.3d 814 (2013) (finding that possession of marijuana and possession of marijuana with no tax stamp violate the Double Jeopardy Clauses). "[M]ultiplicity is the charging of a single offense in several counts of a complaint or information." *State v. Thompson*, 287 Kan. 238, 244, 200 P.3d 22 (2009). Phommaly also argues that his convictions violate K.S.A. 21-5109(b)(2), which prohibits a defendant from being convicted of both a crime and its lesser included offense.

Phommaly relies on the Kansas Supreme Court decision in *Hensley* where the court held that possession of marijuana was a lesser included offense of possession of marijuana without a drug-tax stamp. See 298 Kan. at 435-38. Phommaly argues the "same logic and analysis in *Hensley* applies" because the substance at issue—methamphetamine or marijuana—"does not meaningfully alter the analysis." Phommaly acknowledges that at the time of briefing this appeal, a panel of the Court of Appeals reached the opposite conclusion and held that possession of methamphetamine was not a lesser included offense of possession of methamphetamine without a drug-tax stamp because simple possession of methamphetamine carried a more severe penalty than no drug-tax stamp. See *State v. Martin*, 2023 WL 2558563, at *6 (Kan. App. 2023) (unpublished opinion), *aff'd* 318 Kan. 538, 544 P.3d 820 (2024). Phommaly argues the multiplicity statute—K.S.A. 21-5109(b)(2)—contains no language referring to the severity of the punishment and the statutory definition of a lesser included crime is unrelated to the severity of the punishment of the crimes at issue. Unfortunately for Phommaly, the Kansas Supreme Court has since affirmed the Court of Appeals' finding. See *Martin*, 318 Kan. 538, Syl. ¶ 5-6. The *Martin* decision fatally undermines Phommaly's appeal.

3

This court exercises unlimited review over constitutional and statutory double jeopardy and multiplicity challenges. *Martin*, 318 Kan. at 545; *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019). However, as an intermediate court of appeal, this court is bound by Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

I.      *Following the Supreme Court's decision in* Martin*, Phommaly's convictions are not multiplicitous in violation of* K.S.A. 21-5109(b*).*

In relevant part, K.S.A. 21-5109(b) provides: "Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both." As the court explained in *Martin*, "under the statute, a charged crime and its lesser included crimes are the 'same offense' for multiplicity purposes." 318 Kan. at 543. Phommaly argues that possession of methamphetamine is a lesser included crime of possession of a controlled substance with no drug-tax stamp and that his convictions in the same criminal case are thus multiplicitous in violation of K.S.A. 21-5109(b).

A double jeopardy claim alleging that a defendant suffered multiple punishments for the same conduct in a single case, courts conduct a two-part test to determine whether the convictions are for the same offense. *Martin*, 318 Kan. 538, Syl. ¶ 2. First, courts determine whether the convictions arose from unitary conduct and, second, whether there are two crimes or one by statutory definition. *Martin*, 318 Kan. 538, Syl. ¶ 2. Courts consider the following factors in determining whether conduct is unitary: "(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct." *State v. Schoonover*, 281 Kan. 453, 497, 133 P.3d 48 (2006); see *Martin*, 318 Kan. at 547. Phommaly argues that the underlying conduct of possessing 4.82 grams of

4

methamphetamine occurred at the same time, in the same location, and without an intervening event or fresh impulse as the conduct underlying his no drug-tax stamp conviction. The State did not submit a brief disputing this argument, and this court assumes Phommaly's convictions result from unitary conduct.

For the second part of the test, this court must determine whether either conviction is a lesser included crime of the other by statutory definition. *Martin*, 318 Kan. 538, Syl. ¶ 2. Under K.S.A. 21-5109(b), a defendant cannot be convicted of both the crime charged and a lesser included crime. A lesser included crime is "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 21-5109(b)(2). In *Martin*, the court found that the phrase "lesser crime" refers to a crime that is *both* "lesser" in penalty and "included" in the elements of the crime charged. 318 Kan. 538, Syl. ¶ 4. The court explained its interpretation:

> "To be a lesser included crime under K.S.A. 2019 Supp. 21-5109(b)(2), a crime must be a 'lesser' crime than the crime charged—meaning it carries a lesser penalty. And that 'lesser' crime must also be 'included' in the crime charged—meaning all elements of the lesser crime must be identical to some elements of the crime charged." 318 Kan. 538, Syl. ¶ 4.

The court determined that possession of methamphetamine under K.S.A. 2019 Supp. 21-5706(a) is not a lesser included crime of no drug-tax stamp under K.S.A. 79-5204 because the former carries a greater penalty than the latter. 318 Kan. 538, Syl. ¶ 5. It also found that the crime of no drug-tax stamp is not a lesser included crime of possession of methamphetamine because the former contains two elements that the latter does not: failure to affix the appropriate stamp and possession of more than one gram of a controlled substance. 318 Kan. at 554; see K.S.A. 79-5201(c); K.S.A. 79-5204(a); K.S.A. 79-5208. Therefore, following the Supreme Court's decision in *Martin*, Phommaly's convictions for possession of methamphetamine and no drug-tax stamp do not violate K.S.A. 21-5109(b).

II.    *Following the Supreme Court's decision in* Martin*, Phommaly's convictions do not violate federal or state constitutional protections against double jeopardy.*

The conclusion that Phommaly's convictions are not multiplicitous under K.S.A. 21-5109(b)(2) does not fully resolve his challenge. Like the defendant in *Martin*, Phommaly also claims his convictions violate the Double Jeopardy Clauses of the United States and Kansas Constitutions. U.S. Const. amend. V; Kan. Const. Bill of Rights, § 10. Both the United States and Kansas Constitutions prohibit a criminal defendant from being twice put in jeopardy for the same offense. U.S. Const. amend. V; Kan. Const. Bill of Rights, § 10. Although the language of the two provisions is not identical, the Kansas Supreme Court has interpreted the Kansas provision to provide at least the same protection as the federal provision. *Hensley*, 298 Kan. at 435 (citing U.S. Const. amend. V; Kan. Const. Bill of Rights, § 10); see also *State v. Miller*, 293 Kan. 535, 544, 264 P.3d 461 (2011) (double jeopardy provisions of federal and state Constitutions equal in scope and protection).

Resolution of Phommaly's constitutional arguments requires the court to analyze his claims under the two-part test in *Schoonover*. The first part of the test—whether the convictions arose from unitary conduct—is resolved in Phommaly's favor as already described. The second part of the test again requires the court to determine whether there are two offenses or one. *Schoonover*, 281 Kan. 453, Syl. ¶¶ 12, 15. "When a defendant brings a double-jeopardy challenge based on multiple punishments imposed in one case, the overarching question is whether the convictions giving rise to those punishments are for the same offense." *Martin*, 318 Kan. at 545; *Schoonover*, 281 Kan. 453, Syl. ¶ 15.

When the defendant's convictions stem from different statutes—as here—courts apply the "same-elements" test to determine whether each statute requires proof of an element not necessary to prove the other offense. *Martin*, 318 Kan. at 546; *Schoonover*, 281 Kan. 453, Syl. ¶¶ 12, 15. Applying this test, the *Martin* court explained that "no

6

drug-tax stamp requires two elements that possession of methamphetamine does not . . . . But possession of methamphetamine has no elements not included in no drug-tax stamp." 318 Kan. at 554. Therefore, even though the elements of the two crimes are not identical, they could still be the same offense for double jeopardy purposes because the Legislature may not have intended to impose separate punishments for the crimes. 318 Kan. at 554-55. The *Martin* court determined that the Legislature did intend to punish different conduct with the two statutes at issue—failure to affix a drug-tax stamp and simple possession—and thus they "are not multiplicitous and do not violate constitutional double-jeopardy protections." 318 Kan. at 556.

CONCLUSION

While Phommaly's claims were pending appeal, the Kansas Supreme Court decided *Martin*, which is dispositive of Phommaly's claims here. Applying the precedent from *Martin*—as is required of an intermediate appellate court—Phommaly's convictions and sentences are not multiplicitous in violation of K.S.A. 21-5109(b)(2), nor are they multiplicitous in violation of the Double Jeopardy Clauses of the federal or state Constitutions.

Affirmed.

7